769 P.2d 1134

Lacey SIVAK, Petitioner–Appellant,

v.

ADA COUNTY, Respondent.

No. 17552.

Court of Appeals of Idaho.

March 6, 1989.

Lacey Sivak, pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

Lacey Sivak seeks our review of a district court order dismissing his appeal from a magistrate's judgment that denied his petition for a writ of habeas corpus. The district court dismissed the appeal solely because Sivak had not provided a transcript of an evidentiary hearing conducted by the magistrate. For reasons explained below, we vacate the district court's order of dismissal, and we remand the case.

Sivak is a state prisoner who was confined for a time at the Ada County jail. His petition alleged that during this period of confinement, jail personnel took prescription drugs and other "medically authorized property" from him, causing him to suffer. He also made other allegations of no apparent consequence here. After an evidentiary hearing, the magistrate found that Sivak had been authorized only to possess Tylenol, a nonprescription pain reliever, and that some Tylenol tablets had been taken from him. The magistrate further found that Sivak had not established that he suffered any "excruciating pain" or that his life had been "threatened" by removal of the Tylenol. Finally the magistrate found that Sivak's allegation "that *prescription medication* had been taken

from him [was] *frivolous, without foundation,* and [was] in fact, *totally untrue....*" (Emphasis in original.)

Sivak appealed, challenging the magistrate's decision and contending that the magistrate had denied him due process, *inter alia,* by refusing to compel attendance of all witnesses Sivak desired to call. Sivak also filed a petition *in forma pauperis* for waiver of fees and costs. The district court denied the petition, holding that the magistrate had found Sivak's petition to be frivolous under the following language of I.C. § 31–3220(2):

No fees, costs or security shall be waived for an appeal if the trial court certifies in writing that the action is frivolous or malicious or that it is not taken in good faith.

Because the cost of a transcript was not waived, and because Sivak failed to pay the cost, no transcript was prepared. Citing the lack of a transcript, the district court then dismissed Sivak's appeal without reaching the merits.

A district court, acting in its appellate capacity, has the discretionary authority to require that a transcript be prepared. I.R. C.P. 83(j). Unless otherwise ordered by the district court, the appellant is required to pay for the preparation of the transcript. I.R.C.P. 83(k). If the appellant is required to pay the costs for preparing the transcript, the appellant has fourteen days from the filing of the notice of appeal to pay the estimated fee for transcript preparation. *Id.* If an appellant is required to pay for the transcript and has not paid the estimated fee for transcript preparation in a timely manner, the district court may dismiss the appeal. I.R.C.P. 83(s).

■ When such an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. Our inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App.1987). The inquiry in this case focuses on whether the district court acted consistently with the legal standards applicable to the payment of costs by indigent appellants.

In general, transcripts in appeals by indigent habeas corpus petitioners are provided at public expense. *See* I.C. § 31–3212. However, I.C. § 31–3220(2), quoted above, creates an exception to this general scheme if the appeal has been taken in a frivolous action. The obvious purpose of I.C. § 31–3220(2), is to avoid taxpayer expense for preparation of transcripts in patently meritless appeals. Although this purpose is legitimate, it must be effectuated carefully. If a magistrate's certification of a frivolous appeal is not independently reviewed by the district court—and if the district court refuses to consider the appeal without a transcript (e.g., by listening to a tape or by disposing of the appeal solely upon points of law)—then I.C. § 31–3220(2) could effectively preclude appellate review, on the merits, of a judgment denying a habeas corpus petition by an indigent prisoner. In our view, such preclusion would be an impermissible abridgement of the constitutionally recognized right to habeas relief in appropriate cases. *See* article 1, § 5, of the Idaho Constitution; *Mahaffey v. State,* 87 Idaho 228, 392 P.2d 279 (1964).

■ It follows that an indigent petitioner's appeal from the magistrate division should not be dismissed for failure to provide a transcript unless the district court independently determines—from the issues raised and from so much of the record as may be available—that the appeal clearly is frivolous, as the magistrate has certified. Such a determination is closely analogous to disposing of the appeal on points of law alone. If the appeal challenges certain findings of fact by the magistrate, then the district court should determine the materiality of those factual issues. If the issues are material, the district court should order a transcript at public expense unless the appeal can be decided by reviewing a tape of the proceedings in the magistrate division.

■ Here, the district court treated the magistrate's finding on the prescription medication issue as a "certification" that the entire "action" was frivolous. The district court then relied upon this purported "certification" without making an independent determination of its own. Moreover, the district court made no determination as to whether the appeal presented material factual issues for which review of a transcript or of a tape would be necessary. Accordingly, we hold that the court, in dismissing the appeal, exercised its discretion inconsistently with applicable legal standards. The order of dismissal must be set aside.

We acknowledge, with due respect, the dissenting opinion of Judge Swanstrom. He would affirm the dismissal order because he has concluded that the case is either frivolous or moot (a point not argued by the state) and that no exception to the mootness doctrine is applicable. These conclusions are based upon a skeletal record and upon the magistrate's findings that triggered this appeal. We think the proper disposition of this case is better left to the district court, which can determine the scope of the record necessary to decide the issues presented.

As guidance on remand, we again note that when the magistrate found no cruel and unusual punishment arising from the conditions of Sivak's confinement in Ada County, he also found that Sivak had not suffered any "excruciating pain," nor had his life been "threatened." These juxtaposed findings may reflect a misapprehension of the proper threshold for determining whether cruel and unusual punishment has occurred. As noted by the United States Supreme Court, the modern import of the Eighth Amendment requires judges to review conditions of confinement with due regard for "concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 289, 50 L.Ed.2d 251 (1976). *See also Wilson v. State*, 113 Idaho 563, 746 P.2d 1022 (Ct.App.1987). Of course, by noting the proper constitutional standard, we intimate no view regarding its application to the facts of the instant case.

The district court's order, dismissing Sivak's appeal for lack of a transcript, is vacated. The case is remanded for proceedings consistent with this opinion. No costs or attorney fees awarded.

WALTERS, C.J., concurs.

SWANSTROM, Judge, dissenting.

I respectfully dissent. When the allegations of Sivak's petition for a writ of habeas corpus are examined, it is apparent that he is either asking the courts to provide relief for "de minimus" wrongs or he raises issues that are now moot. His allegations are "de minimus" where Sivak complains that Ada County jail personnel removed from his cell empty cigarette packages, jail requisition forms, and other insignificant items. The law does not concern itself with trifles. Neither should we permit the "Great Writ" to be used as a fly swatter.

Sivak's other allegations, concerning the taking of twelve Tylenol tablets, some strips of tape and extra bandages, conceivably raise issues about whether Sivak received adequate medical treatment while in the Ada County jail. These allegations are now moot. Sivak admits that since May 1988 he has not been confined to the Ada County jail, rather he is in the custody of the Board of Correction at the Idaho State Correctional Institution. He has raised no issues in the petition that even arguably suggest there are collateral consequences of his alleged wrongful treatment which now need to be addressed. We need not remand this case for a lower court to say that the case is moot. We can and should make that decision here. I would affirm the dismissal order of the district court.