963 P.2d 1198

**Lee M. HAYS, Plaintiff–Appellant,**

**v.**

**Olivia CRAVEN, Ex Director, Commission of Pardon & Parole; Larry Mauzerall, Psychologist Department, ISCI; Denise Carlton, Counselor, ISCI; and John/ Jane Doe I—III, all employees of the Idaho Department of Corrections, Defendants–Respondents.**

No. 23803.

Court of Appeals of Idaho.

July 2, 1998.

Review Denied Sept. 30, 1998.

Lee M. Hays, Boise, pro se Plaintiff-Appellant.

Alan G. Lance, Attorney General; Fred C. Goodenough, Deputy Attorney General, Boise, for Defendants-Respondents.

SCHWARTZMAN, Judge.

Lee Mazur Hays is an inmate at the Idaho State Correctional Institute (ISCI) where he is serving an indeterminate life sentence for the crime of lewd and lascivious conduct with a child under the age of sixteen.[1] Hays initiated a civil rights claim against the Executive Director of the Commission of Pardon and Parole, certain employees of ISCI and unnamed employees of the Idaho Department of Corrections (IDOC), requesting monetary damages and other remedies. The defendants moved for summary judgment which was granted. Hays appeals, arguing that, for a variety of reasons, summary judgment was not appropriate. We affirm the decision of the district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Hays' complaint involves a civil rights claim, 42 U.S.C. § 1983, against Olivia Craven (Executive Director, Commission of Pardon and Parole), Larry Mauzerall (Psychologist for ISCI), Denise Carlton (Counselor at ISCI) and other unnamed employees of the IDOC. These defendants are being sued in both their individual and official capacities.

Hays' complaint alleges a multitude of claims, but in a responsive motion filed in opposition to the defendants' motion for summary judgment, Hays attempted to clarify these claims:

> At this point in time Plaintiff could care less about a parole. That is not even at issue before this Court. The issue is not whether or not Plaintiff did or did not receive a parole, but the fact that he was judged for parole on false, forged, unsubstantiated, inaccurate, and untruthful information intentionally, deliberately, and willfully placed in Plaintiff' [sic] IDOC records by Defendants for their own malicious intent to be reviewed by the Commissioners during their deliberation of Plaintiff's appointed parole date. In all this defendants acted outside their scope of office. This is the issue in this action.[2]

The common denominator and underlying basis of Hays' § 1983 claims regard the defendants' participation in the parole hearing process in relation to the alleged denial of his constitutional right to due process.

The district court ruled on the defendants' summary judgment motion, finding that: (1) because Hays is seeking $100,000 in compensatory damages and $10,000 in punitive damages, the claim was properly brought as a § 1983 civil rights claim; (2) the defendants, acting in their individual capacities, are entitled to absolute, quasi-judicial immunity from liability for damages under § 1983 for actions taken in connection with the preparation and use of materials in the parole hearing process, (3) the issue of whether the defendants willfully, deliberately and intentionally used a factually false pre-sentence investigation report to justify the denial of Hays' parole is barred by the doctrine of collateral estoppel, and (4) Hays had failed to allege facts which

1. "The offense committed by Hays involved deplorable acts of self-sexual gratification with a young innocent victim. The victim is a member of Hays' family.... Hays has a history of unlawful sexual contact with minors. Hays has been diagnosed as a pedophile with no likelihood of rehabilitation." *Hays v. State*, 113 Idaho 736, 744, 747 P.2d 758, 766 (Ct.App.1988).

2. These assertions are, however, belied by other of Hays' pleadings wherein he requests further relief in the form of a new parole hearing.

would support the existence of a non-frivolous claim with respect to the remaining causes of action.[3]

Hays appeals selected portions of the district court's order.

## II.

## ANALYSIS

### A. The District Court Did Not Abuse Its Discretion By Denying Hays' Motion To Disqualify For Cause

Hays filed a motion to disqualify the district court for cause under Rule 40(d)(2) of the Idaho Rules of Civil Procedure. Under this rule, disqualification is not automatic, but requires a supporting affidavit which sets out facts showing bias or prejudice. The district court denied Hays' motion because Hays' conclusory allegations that the court was biased, prejudiced and deliberately held up the filing of the complaint did not create a basis upon which the court should disqualify itself.

■ A judge's denial of a Rule 40(d)(2) disqualification motion will not be disturbed absent an abuse of discretion. *Bell v. Bell,* 122 Idaho 520, 529, 835 P.2d 1331, 1340 (Ct. App.1992). In order for a judge to be disqualified under this rule, the alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Desfosses v. Desfosses,* 120 Idaho 27, 29, 813 P.2d 366, 368 (Ct.App.1991).

■ Hays' vague and factually unsubstantiated allegations are wholly insufficient to merit disqualification of the district court. "Mandating a judicial disqualification on such unsubstantiated assertions would delay the administration of justice and promote frivolous disqualification efforts." *Martinez v. State,* 126 Idaho 813, 816, 892 P.2d 488, 491 (Ct.App.1995). The district court's decision not to grant Hays' disqualification motion was a proper exercise of discretion.

### B. The District Court Did Not Err In Granting Summary Judgment Without A Hearing

■ Hays contends that the district court should have ordered a hearing on the defendants' summary judgment motion because there are "unsettled issues of law, disputed facts (false records in prison files), and specific acts that are in dispute."

The defendants requested that their motion for summary judgment be submitted on the briefs and taken under advisement without a hearing. Hays objected only on the basis that the issues were not ripe for summary judgment. Idaho Rule of Civil Procedure 7(b)(3) grants a district court *discretion* to deny oral argument. We find that the court did not abuse its discretion in deciding the summary judgment motion without oral argument.

### C. The District Court Correctly Dismissed Hays' 1983 Claims Regarding The Defendants' Participation In The Parole Hearing Process.

■ We uphold the district court's granting of summary judgment, but on slightly different grounds. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *Matter of Estate of Bagley,* 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct.App. 1990).

Hays is, through his § 1983 claim, attacking the entire parole hearing process and any and all participants in that process, excepting the Parole Commission itself. He asserts that his "constitutional rights" were violated in the following ways: (1) the named defendants either relied upon or prepared false and inaccurate information for purposes of his parole hearing; (2) proper procedures were not followed in his parole hearing; (3) he was not allowed to call witnesses at his parole hearing; (4) he was not judged for parole on accurate information; (5) he was

---

**3.** The remaining causes of action included: (1) claims against Defendants Craven, Mauzerall and Carlton seeking an injunction preventing retaliation, (2) a request for an order for a new parole hearing, (3) a request for an order to review Hays' files in search of inaccuracies, and (4) a request for a declaratory judgment that Hays' constitutional rights were violated.

not allowed to examine his prison files prior to the parole hearing, and (6) he was not informed of the reason he was denied parole.

In order to sustain a § 1983 claim on these issues, Hays must first state a constitutionally protected right: "The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws of the United States.'" *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). There is not, *a priori,* a constitutionally protected right to parole. The United States Supreme Court has held that no constitutional right attaches to the mere possibility of conditional liberty: "[T]o obtain a protectable right 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) *(quoting Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

 The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *Izatt v. State,* 104 Idaho 597, 600, 661 P.2d 763, 766 (1983) (noting that Idaho Code § 20–223 "does not set forth detailed conditions and qualifications which once met entitle an inmate to an expectation of parole.")[4]. Since Idaho has no mandatory language in its parole statutes, there are no constitutional due process rights which attach to a parole hearing in Idaho. The possibility of parole is not protected by due process. *Vittone v. State,* 114 Idaho 618, 759 P.2d 909 (Ct.App.1988); *Balla v. Idaho State Board of Corrections,* 869 F.2d 461, 469 (9th Cir.1989) ("section 20–223 does not dictate any entitlement to parole"); *see also Freeman v. Comm'n of Pardons & Paroles,* 119 Idaho 692, 809 P.2d 1171 (Ct.App.1991) (inmate has no federal due process right to

be given statement of reasons for denial of parole and not entitled to review presentence report in connection with parole hearing). Thus, Hays' claims relating to the named defendants' participation in the parole hearing process and the denial of his parole were properly dismissed because he has identified no constitutionally protected right upon which his § 1983 claims can be based.

 We further note that Hays raised many of these same issues in a habeas corpus proceeding, filed at the same time as his § 1983 complaint, regarding the denial of his parole. Hays was unable to prevail on his habeas action which was dismissed. Many of the same bald and unilluminating conclusions, speculations and bare assertions are repeated here. In effect, Hays is attempting to do indirectly what he could not achieve directly, that is, attack the denial of his parole under the guise of a § 1983 action, by adding a claim for money damages. *Compare Freeman, supra.* We decline his invitation to re-examine the parole hearing process in this format. *See also* I.C. 20–231 (immunity of public entity or employee from parole or release of a prisoner).

### III.

### CONCLUSION

The decision of the district court granting summary judgment in favor of the defendants and dismissing Hays' civil rights complaint is affirmed. Costs on appeal are awarded to the respondents.

PERRY, J., concurs.

LANSING, C.J., concurs in the result.

---

4. We note that the *Izatt* opinion refers to an earlier version of I.C. § 20–223. However, current I.C. § 20–223 is not substantively distinguishable from the former statute in any relevant manner as the present version does not contain language which creates a protected liberty interest. *Vittone v. State,* 114 Idaho 618, 620, 759 P.2d 909 (Ct.App.1988) (despite fact that I.C. § 20–223 does contain some mandatory language, the statute nonetheless "does not set forth detailed conditions and qualifications which, once being met, entitle a prisoner to parole").