975 P.2d 1181

**Lee M. HAYS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24570.

Court of Appeals of Idaho.

Jan. 20, 1999.

Petition for Review Denied April 7, 1999.

Alan E. Trimming, Ada County Public Defender, Boise, for appellant. Alan E. Trimming argued.

Hon. Alan G. Lance, Attorney General; Stephanie A. Altig, Deputy Attorney General, Boise, for respondent. Stephanie A. Altig argued.

PERRY, Chief Judge.

Lee M. Hays appeals from an order of the district court upholding the magistrate's denial of habeas corpus relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Hays is a prisoner housed at the Idaho State Correctional Institution. In April 1984, Hays pled guilty to four counts of lewd and lascivious conduct with a minor, under former I.C. § 18–6607. He received four concurrent indeterminate life sentences. Pursuant to an application for post-conviction relief, the district court vacated the judgment of conviction on three counts, but upheld count two which alleged physical contact between Hays and the victim.

On January 14, 1994, the Commission of Pardons and Parole denied Hays parole and passed him to his full term release date. On January 22, 1996, Hays filed a petition for habeas corpus relief alleging that he is innocent and that there is inaccurate information in his prison file which the parole board used to deny him parole. In his prayer for relief, Hays requested an order for "total access" to his files for discovery purposes. Additionally, Hays filed interrogatories, requests for production of documents, and a motion for leave to proceed with discovery. On March 6, 1996, the state filed a response and a motion to dismiss Hays's petition pursuant to I.R.C.P. 12(b)(1), 12(b)(3), and 12(b)(6). On April 22, 1996, the magistrate, considering evidence outside the pleadings, granted the state's Rule 12(b)(6) motion to dismiss and denied Hays's request for discovery. Hays appealed. On February 10, 1998, the district court affirmed the magistrate's decision. Hays filed a motion for reconsideration which the district court denied on April 23, 1998. Hays again appeals.

## II.

## ANALYSIS

### A. Standard Of Review

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State,* 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State,* 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct.App.1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan,* 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County,* 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct.App.1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application with-

out an evidentiary hearing will be upheld. *Brennan,* 122 Idaho at 917, 841 P.2d at 447.

In the case before us, the magistrate considered the record in Hays's post-conviction relief proceeding, a matter outside the pleadings, when it granted the state's motion to dismiss Hays's petition for habeas corpus relief. When a court considers matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.,* 125 Idaho 872, 876 P.2d 154 (Ct.App. 1994).

**B. Claim of Innocence**

In his habeas corpus petition, Hays claims that he is actually innocent. Hays has previously utilized the Uniform Post-Conviction Procedure Act to challenge the legality of his guilty pleas. *See Hays v. State,* 113 Idaho 736, 747 P.2d 758 (Ct.App.1987), *aff'd Hays v. State,* 115 Idaho 315, 766 P.2d 785 (1988). In his application for post-conviction relief, Hays raised six main grounds for relief:

(1) the district court lacked jurisdiction to enter the judgment of conviction; (2) the sentence was unlawful due to lack of opportunity for psychiatric treatment; (3) Hays did not receive effective assistance of counsel; (4) the state breached the plea agreement; (5) the sentence was unconstitutional because of its disproportionality; and (6) the state's information failed to allege physical contact with the victims as assertedly required by [then] I.C. § 18–6607.

*Hays,* 113 Idaho at 738, 747 P.2d at 760 (footnote omitted). The district court partially granted Hays's motion for summary judgment because three counts of the information to which Hays pled guilty did not allege that physical contact between Hays and a victim had occurred. However, count two of the information was upheld because an allegation of physical contact between Hays and the victim was present. Hays appealed the decision of the district court, asserting it erred in not granting an evidentiary hearing on the remaining grounds of his application. On appeal from the district court, Hays did not contest the district court's decision regarding count two of the indictment and his guilty plea thereon. *See Hays,* 113 Idaho at 738–39, 747 P.2d at 760–61.

The Uniform Post–Conviction Procedure Act "is the exclusive means for challenging the validity of a conviction or sentence." *Gomez v. State,* 120 Idaho 632, 634, 818 P.2d 336, 338 (Ct.App.1991); *see also* I.C. § 19–4901(b). In the event a habeas corpus petitioner fails to assert an excuse or reason why a particular issue, which could have been, but was not raised in an application for post-conviction relief, the habeas corpus petitioner commits "an abuse of process that the courts of this state need not tolerate." *Palmer v. Dermitt,* 102 Idaho 591, 595, 635 P.2d 955, 959 (1981). Although asserting that the issue of innocence has not been adequately addressed or adjudicated in state court proceedings, Hays has provided neither reason nor excuse as to why he did not raise this claim in his application for post-conviction relief.

Hays contends that regardless of any procedural bar which may exist, we should address his innocence claim. Hays alleges that *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) supports his contention. In *Schlup,* a federal habeas corpus petitioner attempted to bring a successive habeas petition based on the fact that he was

innocent. The Supreme Court specifically noted:

> Schlup's claim of innocence ... is procedural, rather than substantive. His constitutional claims are based not on his innocence, but rather on his contention that the ineffectiveness of his counsel and the withholding of evidence by the prosecution denied him the full panoply of protections afforded to criminal defendants by the Constitution.

*Id.* at 314, 115 S.Ct. 851 (citations omitted). Thus, Schlup accompanied his claim of innocence with an assertion of constitutional error at trial. *Id.*

Additionally, the Court noted that Schlup's "claim of innocence does not by itself provide a basis for relief." *Id.* at 315, 115 S.Ct. 851. Thus, Schlup's "claim of innocence [was] thus 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id., quoting Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). In addressing Schlup's claim, the Supreme Court held that when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851.

The instant case is distinguishable from *Schlup.* Here, unlike in *Schlup,* Hays's claim is *substantive, rather than procedural.* Hays does not allege that there is an underlying constitutional violation that resulted in his conviction. Additionally, unlike Schlup, Hays has not set forth any evidence of innocence, let alone evidence of innocence so strong that this Court cannot have confidence in his guilty plea. Finally, unlike in *Schlup,* Hays does not provide us with any evidence that would lead us to conclude that his guilty plea was marred by nonharmless constitutional error.

Hays's bald assertion, more than fourteen years after his sentence was imposed, that he is factually and legally innocent of the crime for which he is currently incarcerated is insufficient to allow Hays to pass through the gateway which would permit us to consider his procedurally barred claim of actual innocence. Thus, we hold that the Supreme Court's reasoning and holding in *Schlup* inapposite to the instant case. Therefore, Hays claim of innocence is procedurally barred and, thus, Hays is not entitled to habeas corpus relief on this issue. The magistrate did not err in failing to afford Hays an evidentiary hearing.

## C. Parole

■ Hays contends that the "possibility of parole has been taken" from him. We disagree. Although it is true that the parole board has passed Hays to his full release date, all prisoners, including Hays, have the ability to file a self-initiated progress report. IDAPA 50.01.01.500. The rules of the Commission of Pardons and Parole allow an inmate to initiate the process by completing and submitting a form. IDAPA 50.01.01.500.02. The process is utilized when circumstances have substantially changed to the inmate's benefit after parole has been denied and no action in his or her case is contemplated. IDAPA 50.01.01.500.01. Therefore, the possibility of parole has not been forever taken from Hays.

■ Hays alleges that the parole board had no rational basis for denying parole and that he was denied fundamental due process during his parole hearing. Hays contends that because there is allegedly false information in his prison file, the parole board lacked a rational basis for denying parole. Hays specifically points to his presentence investigation (PSI) report as being inaccurate. However, in the judgment of conviction, the district court stated that Hays "had an opportunity to read" the PSI report, had the "opportunity to explain, correct or deny parts" of the PSI report, and did so. Therefore, Hays was afforded the opportunity to correct any alleged inaccuracies in the PSI report at the time he was sentenced in 1984.

Additionally, I.C.R. 32 governs the standards and procedures regarding presentence reports. After use by the sentencing court,

"the presentence report shall be sealed by court order, and thereafter cannot be opened without a court order authorizing release of the report or parts thereof to a specific agency or individual." I.C.R. 32(h). Hays does not allege, nor does the record indicate, that an attempt was made by Hays to obtain an order of the court for release of his PSI report. Therefore, we find no merit in Hays's contention that he was wrongly denied access to that report. *See Freeman v. State,* 119 Idaho 692, 695, 809 P.2d 1171, 1174 (Ct.App.1991).

In Idaho, an inmate is not entitled to a written statement of the reasons for denial of parole. *Vittone v. State,* 114 Idaho 618, 621, 759 P.2d 909, 912 (Ct.App.1988). On review of the parole board's decision, the inquiry is only whether there is a rational basis in the record for the Board's conclusions. *Ybarra v. Dermitt,* 104 Idaho 150, 151, 657 P.2d 14, 15 (1983).

Hays alleges that he was denied "fundamental due process" during his parole hearing. We have previously ruled on this identical issue in *Hays v. Craven,* 131 Idaho 761, 963 P.2d 1198 (Ct.App.1998) wherein we addressed Hays's Section 1983 suit which challenged the entire parole process. We held that Hays had identified no constitutionally protected right upon which his Section 1983 claims could have been based. *Id.* at 764, 963 P.2d at 1201.

Hays cites *Greenholtz v. Inmates of Neb. Penal & Cor.,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), in support of his contention that there exists a federal due process interest in parole. Hay's reliance on *Greenholtz* is misplaced. In *Greenholtz,* the Supreme Court specifically noted the "unique structure and language" of the Nebraska parole statute led to the conclusion that Nebraska inmates had a constitutionally protected expectancy for release. *Id.* at 12, 99 S.Ct. 2100. Thus, *Greenholtz* does not stand for the proposition that Idaho inmates possess a federal due process interest in parole under I.C. § 20–223. Indeed, there is no constitutionally protected interest in parole in Idaho. *See Izatt v. State,* 104 Idaho 597, 600, 661 P.2d 763, 766 (1983); *Vittone,* 114 Idaho at 620, 759 P.2d at 911. *See also Balla*

*v. Idaho State Bd. of Corrections,* 869 F.2d 461, 469 (9th Cir.1989) (I.C. § 20–223 does not dictate any entitlement to parole).

Finally, in *Vittone,* we held that the constitutional protection afforded an inmate's limited expectation of parole in Idaho is found in the procedures enacted to grant parole. *Vittone,* 114 Idaho at 619, 759 P.2d at 910. Hays has failed to show that the statutory procedures for the decision to grant parole were not followed in the instant case. Hays contends that we should draw an analogy between the procedures afforded an inmate on the "rider program" and an inmate seeking the grant of parole. We categorically decline to do so. Hays has failed to present any evidence, other than his own bald assertion, that there was no rational basis for the parole board's decision. Thus, we find no error below.

### III.

### CONCLUSION

We hold that Hay's claim of innocence is procedurally barred because it should have been raised in his application for post-conviction relief. Additionally, we hold again today, as we did in *Hays v. Craven,* that Hays does not have a constitutionally protected interest in parole. Therefore, he is not entitled to habeas corpus relief. Thus, the magistrate did not err when it dismissed Hays's habeas corpus petition. The district court's order upholding the decision of the magistrate to summarily dismiss Hays's habeas corpus petition is affirmed. No costs or attorney fees are awarded to either party on appeal.

Judge SCHWARTZMAN and Pro Tem Judge BENGTSON, concur.