84 P.3d 593

Sidney DOPP, Petitioner–Appellant,

v.

IDAHO COMMISSION OF PARDONS AND PAROLE; Olivia Craven, Executive Director; Ross Newcomb, Commissioner; Bud Bringer, Commissioner; Janice Dresson, Commissioner; Robyn Sandy, Commissioner; Trina Brady, Pre Board Hearing Officer, I.C.O.C.; Sgt. Dorsey, Chad Sombke, CPL Gealia, Respondent.

No. 29132.

Court of Appeals of Idaho.

Jan. 27, 2004.

Sidney D. Dopp, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Stephanie A. Altig, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Sidney Dopp appeals from the district court's intermediate appellate decision affirming the magistrate's dismissal of Dopp's petition for a writ of habeas corpus and awarding respondents costs and attorney fees. We affirm in part, reverse in part, and remand.

## I.

## FACTS AND PROCEDURE

Dopp was sentenced to prison for crimes committed in 1989. After a hearing in April 1999, Dopp was denied parole and was passed to his full-term release date. Dopp subsequently filed two self-initiated progress reports requesting that the Parole Commission reconsider the denial of his parole. These requests were denied. Dopp filed a pro se petition for a writ of habeas corpus on February 2, 2001, alleging that his due process rights, equal protection rights, and other rights were violated. Dopp asserted that he was denied a fair and impartial hearing and that other irregularities prior to, during, and after the parole hearing, including violations of rules applicable to the parole process, deprived him of his rights. Dopp also filed a motion for a court-appointed attorney, which was denied. The magistrate dismissed Dopp's petition, holding that the court lacked subject matter jurisdiction and that Dopp failed to state a claim upon which relief could be granted. Subsequently, Dopp appealed to the district court and requested court-appointed counsel. The district court denied Dopp's request for an attorney and affirmed the magistrate's order dismissing Dopp's petition with prejudice. The district court also awarded costs and attorney fees to respondents based upon its finding that the respondents were the prevailing parties and that Dopp's case was frivolously pursued.

On appeal, Dopp argues that the magistrate erred when it dismissed his petition, that the district court erred when it affirmed the magistrate and granted respondents an award of costs and attorney fees, and that Dopp is entitled to costs on this appeal.

## II.

## ANALYSIS

### A. Habeas Corpus

The magistrate in this case dismissed Dopp's petition for a writ of habeas corpus on two grounds. First, the magistrate held that it lacked subject matter jurisdiction under I.R.C.P. 12(b)(1) because the unlawful denial of parole is not a basis for habeas corpus relief under the Idaho Habeas Corpus and Institutional Litigation Procedures Act, I.C. §§ 19–4201 to 19–4226. Second, the magistrate concluded that even if it exercised jurisdiction, Dopp's petition should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The magistrate held that Dopp failed to raise valid constitutional questions regarding the denial of his parole. The district court affirmed the magistrate's decision.

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct.App.1992).

When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan,* 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County,* 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct.App.1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan,* 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). In this case, the magistrate dismissed Dopp's petition based upon the pleadings and without an evidentiary hearing, concluding that, under statutory law, the denial of parole is not a basis for habeas corpus relief.

Regardless of whether the denial of parole falls within one of the permissible grounds for habeas relief stated in I.C. § 19–4203, the writ of habeas corpus is not only a statutory remedy but rather a remedy recognized and protected by Article I, Section 5 of the Idaho Constitution. *Mahaffey v. State,* 87 Idaho 228, 231, 392 P.2d 279, 280 (1964). The legislature, absent certain contingencies, is without power to abridge this remedy secured by the Idaho Constitution, but may add to the efficacy of the writ. *Id.* Case law supports the use of habeas corpus proceedings to challenge the unlawful denial of parole. *See Cole v. State,* 135 Idaho 107, 110 n. 1, 15 P.3d 820, 823 n. 1 (2000); *Hays v. State,* 132 Idaho 516, 520–21, 975 P.2d 1181, 1185–86 (Ct.App.1999); *Stillwell v. State,* 124 Idaho 366, 371, 859 P.2d 964, 969 (Ct.App.1993); *Vittone v. State,* 114 Idaho 618, 619, 759 P.2d 909, 910 (Ct.App.1988). The Idaho Supreme Court stated in *Cole* that the proper mechanism for challenging an unlawful confinement as a result of the denial of parole is a petition for a writ of habeas corpus, rather than an action for post-conviction relief. *Id.* at 110 n. 1, 15 P.3d at 823 n. 1. Therefore, we conclude that the magistrate erred when it held that it lacked subject matter jurisdiction to consider Dopp's petition for a writ of habeas corpus.

The next question is whether Dopp's petition stated a claim upon which relief could be granted. Dopp's petition, along with memoranda in support of his petition, contained numerous allegations. Dopp argued that his federal and state right to due process, as well as his right to equal protection, was denied prior to, during, and after his parole hearing. Dopp contended that the Parole Commission violated statutes and rules governing the parole process. Dopp also asserted that the Commission's decision violated the separation of powers doctrine and placed him in double jeopardy for his crimes. The magistrate held that dismissal was proper for Dopp's failure to state a claim upon which relief could be granted.

### 1. Due process

■ Dopp alleges that he was deprived of due process during the parole proceedings in numerous ways. Dopp's claims include, but are not limited to, the following assertions: people involved in the hearing process were biased against him; the Parole Commission did not consider evidence favorable to him; the Commission did consider erroneous evidence against him; he was placed in a disciplinary segregation unit and in the maximum security facility without minimum due process requirements or a finding of wrongdoing during the parole hearing process; and those involved in the parole process would not advise him on what was required of him to merit release on parole.

■ The Fourteenth Amendment to the United States Constitution prohibits states from depriving persons of liberty without due process of law. *Loomis v. Killeen,* 135 Idaho 607, 610, 21 P.3d 929, 932 (Ct.App.2001). However, there is no constitutionally protected right to parole. *Hays v. Craven,* 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct.App. 1998). No due process right attaches to the mere possibility of conditional liberty. *Id.* The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the

possibility thereof. *See Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983); *Vittone*, 114 Idaho at 619, 759 P.2d at 910. The denial of parole by the Parole Commission need only be supported by a rational basis in the record. *Vittone*, 114 Idaho at 620, 759 P.2d at 911. Therefore, Dopp's allegations of violations of due process in his parole proceedings do not state a cognizable claim for relief.

### 2.   Violations of statutes and rules

■   Statutes and administrative rules governing the parole consideration process may, however, confer protections for inmates that are enforceable in habeas corpus actions. Thus, in *Vittone*, we considered, in a habeas corpus action, whether the petitioner had been denied protections afforded him by I.C. § 20–223. In *Acheson v. Klauser*, 139 Idaho 156, 75 P.3d 210 (Ct.App.2003), we addressed the petitioner's claims that the Commission violated several statutes and its own administrative rules in his parole proceedings. Dopp asserted, in his petition, that statutes and administrative rules of the Parole Commission were violated by individuals involved in Dopp's parole process. Dopp also made a specific challenge to the rules themselves as conflicting with statutes governing the parole process. Therefore, we must examine these allegations to determine whether they state a claim for relief.

Prior to Dopp's parole hearing, a psychological evaluation was conducted. After the evaluation, Dopp expressed concerns about the evaluation to officials in both the Department of Corrections and the Parole Commission. Dopp argued that the evaluation was performed by an individual who was not properly licensed to do so and was biased against him. Dopp requested copies of the test results and asked to be re-evaluated by a different individual. Officials found no bias in the evaluator's report and that the evaluator was amply qualified to perform the evaluation and prepare a report for the Parole Commission. Dopp's request for a copy of the test results and for a new evaluation was denied. In his petition for a writ of habeas corpus, along with supporting memoranda, Dopp contended that the psychological evaluator was not licensed and that the probative value of the evaluator's opinion was substantially outweighed by the danger of unfair prejudice, in violation of I.R.E. 403. Dopp also asserted that he was improperly denied access to the test results and final report and was not able to prepare a rebuttal for his parole hearing.

Idaho Code Section 20–223 provides that no person serving a sentence for a sex-related crime shall be released on parole except upon the examination of at least one psychiatrist or psychologist to be selected by the Commission and that such evaluation shall be duly considered by the Commission in making its parole determination. In this case, Dopp's crimes involved sex-related offenses and, therefore, Section 20–223 applies to him.

In response to Dopp's concern about the qualifications of his evaluator, the Parole Commission sent a letter to Dopp stating that it used Department of Corrections psychologists and that, in making its parole decision, it would use the report prepared by Dopp's evaluator. However, the record is not clear, and a factual issue remains, as to whether the individual who evaluated Dopp was a licensed psychiatrist or psychologist. More importantly, the respondents have not addressed the legal question whether individuals conducting the evaluations pursuant to Section 20–223 must be licensed or meet requirements for exemption from licensure under the statutes and rules governing the lawful practice of psychiatry and psychology in Idaho. *See* I.C. §§ 54–1801 to 54–1840, 54–2301 to 54–2315. They also have not addressed whether the Section 20–223 requirement for an examination creates a right enforceable by those being considered for parole or requires examinations only for the benefit of the Parole Commission. If licensure is required, and if Section 20–223 confers a right on potential parolees, then Dopp's petition alleged a claim sufficient to withstand dismissal under I.R.C.P. 12(b)(6). These are legal issues that we believe ought not be addressed for the first time on appeal and without the benefit of briefing by the respondents. Therefore, we reverse and remand for further proceedings on this claim.

662

■ As to Dopp's argument regarding I.R.E. 403, the parole process is not governed by the Idaho Rules of Evidence. I.R.E. 101(b); *See also Wolfe v. State*, 114 Idaho 659, 661, 759 P.2d 950, 952 (Ct.App. 1988) (prison administrative and disciplinary proceedings not subject to Idaho Rules of Evidence). Therefore, the Commission was not required to weigh the probative value of the psychological report against its prejudicial effect in deciding whether to consider the report as evidence. Finally, Dopp has cited no law conferring upon him a right to review the evaluator's report prior to his parole hearing.

■ Prior to Dopp's parole hearing, he was interviewed by a parole hearing officer. Dopp argues that the hearing officer had a vested interest in the outcome of his case in violation of administrative rules. Dopp cited the Rules of the Commission of Pardons and Parole, IDAPA (A) 50.01.01. This Court has been unable to locate the rule cited by Dopp or any other rule dealing with the personal interests of the hearing officer. Thus, Dopp has failed to demonstrate rule violations by the parole hearing officer.

■ Dopp asserted that the Commission failed to follow its own rule requiring that persons who wish to testify in a hearing provide the Commission with five days' notice. Dopp asserts that an individual testified regarding the suicide of one of Dopp's victims without giving notice to the Commission. Dopp asserts that the failure to do so deprived him of notice that was necessary in order to prepare for rebuttal of this witness's testimony. Dopp provided citations to IDAPA 50.07.01.02.B and 50.01.01.10.B. Neither of these citations is accurate. However, IDAPA 50.01.01.200.06.a provides that persons who wish to participate in a hearing shall notify the Commission staff five days in advance of the scheduled hearing. This rule requires only that the Commission staff be given advance notice of witnesses. This rule appears to be for the benefit of the Commission rather than inmates, and Dopp has failed to cite a rule or other authority requiring that inmates being considered for parole be given the same notice.

■ Dopp contends that the procedures he followed for the self-initiated progress report, whereby an inmate is allowed to apply for reconsideration of parole denial, did not allow him the opportunity for an interview, in violation of I.C. § 20–223. Before considering the parole of any inmate, the Commission must afford the inmate the opportunity to be interviewed by the Commission, a commissioner, or other designated Commission staff. I.C. § 20–223(c). However, neither Section 20–223 nor the Parole Commission rules provide for an interview prior to reconsideration of the denial of parole; they leave the opportunity for a hearing at the complete discretion of the Commission. *See* IDAPA 50.01.01.500.02. The self-initiated progress report is an application requesting that the Commission reconsider a decision already made, after a hearing, denying an inmate's parole. IDAPA 50.01.01.500.01. Thus, the statute does not apply to the circumstances of this case.

### 3. Right of access to the courts

■ Dopp asserts that denial of his parole was the result of retaliation for Dopp's previous litigation while in prison. Assuming that such retaliation could constitute a violation of an inmate's right of access to the courts, Dopp's pleading is too vague and conclusory to state a claim. Dopp failed to allege sufficient information about his previous lawsuit, including how it biased the Parole Commission against him. This claim, therefore, fails.

### 4. Other claims

Dopp asserts that the Parole Commission violated his right to equal protection, subjected him to double jeopardy, violated the principles of separation of powers, and lacked a rational basis for its decision. Having reviewed the record, we conclude that these claims are without merit and warrant no further discussion.

### B. Costs and Attorney Fees

■ On intermediate appeal, the district court concluded that Dopp's claims were frivolously pursued and awarded attorney fees as authorized by I.C. § 12–122. Dopp contends that the district court erred.

In any habeas corpus action, the court shall award reasonable attorney fees to the respondent if the habeas corpus action was brought frivolously by the petitioner. I.C. § 12–122. A habeas corpus action has been brought frivolously when the petition is based upon claims that either have no basis in fact or, even if the factual allegations are true, do not, as a matter of law, justify any relief to the petitioner. *Id.* Because we have held that Dopp's petition and the accompanying memoranda presented a claim that may entitle him to relief, we reverse the district court's order awarding attorney fees to respondents. Neither party has requested attorney fees on this appeal, and none are awarded.

The district court also held that the respondents, as the prevailing parties on intermediate appeal, were entitled to costs. Such an award is authorized under the Idaho Appellate Rules. *See* I.R.C.P. 83(x); I.A.R. 40. However, based upon the outcome of this appeal, we reverse the district court's order awarding costs to respondents on intermediate appeal. No costs are awarded on this appeal.

### III.

### CONCLUSION

Based on the foregoing, we conclude that the magistrate erred in dismissing that part of Dopp's petition for a writ of habeas corpus which is based on an allegation that the individual who evaluated Dopp was not a licensed psychologist or psychiatrist. The dismissal of all other claims is affirmed. Therefore, the district court's decision affirming the magistrate's dismissal is affirmed in part, reversed in part, and this case is remanded for further proceedings consistent with this opinion. The district court's order awarding costs and attorney fees to respondents on intermediate appeal is also reversed. Neither party is awarded costs or attorney fees on this appeal.

Chief Judge LANSING and Judge GUTIERREZ concur.