IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 39132

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) FOR WRIT OF HABEAS CORPUS. ) ----------------------------------------------------------- ) WILLIAM GORDON PARKS, JR., ) ) Petitioner-Appellant, ) ) v. ) ) PAM SONNEN, IDAHO PAROLE ) COMMISSION, SOUTH IDAHO ) CORRECTIONAL INSTITUTION, IDAHO ) DEPARTMENT OF CORRECTION, ) ) Respondents. ) ) | 2012 Unpublished Opinion No. 359 Filed: February 7, 2012 Stephen W. Kenyon, Clerk THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Daniel C. Hurlbutt, District Judge.

Order denying petition for writ of habeas corpus, affirmed.

William G. Parks, Jr., Boise, appellant pro se.

Respondent did not participate on appeal.
_____

GRATTON, Chief Judge

William Gordon Parks, Jr. appeals from the district court's denial of his petition for a writ of habeas corpus.  Parks contends the district court erred in its denial and the writ is warranted because of violations of his state and federal constitutional due process rights in the underlying criminal proceedings and in being denied parole.  For reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Parks was arrested for aiding and abetting a forgery, which charge resulted in revocation of probation in a prior burglary case.  Parks filed a pro se petition for a writ of habeas corpus in the district court arguing that the underlying state felony conviction violated his state and federal constitutional rights because the charge was never brought before a grand jury.  He also

1

contended that because there is no apparent reason why the Commission refused parole in this circumstance and because offenders are "presumed released from custody upon the completion of their fixed sentences," the sentence is excessive and he should be released. The district court dismissed the petition in its entirety before service on the respondents for two reasons: (1) the validity of a conviction cannot be challenged through habeas corpus relief; and (2) that "it would be difficult to think of a more rational reason not to grant a prisoner parole, than the fact that he had previously violated parole, when he was afforded such an opportunity." Parks filed a motion to reconsider, which was denied.[1]

Parks appeals the dismissal of the petition for a writ of habeas corpus and he presents six issues to this Court: (1) whether the district court erred by failing to rule on federal and state constitutional violations; (2) whether the constitutional violations were intentionally allowed to continue; (3) whether the district court adhered to constitutional requirements; (4) whether the district court is required to uphold the state and federal constitutions; (5) whether the district court's decision is grounds for a charge of treason; and (6) whether the district court erred in failing to address the requirements within Idaho statutes.

## II.

## DISCUSSION

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; Idaho Code §§ 19-4201 through 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333-34, 743 P.2d 983, 986-87 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Habeas corpus

---

[1]     The district court entered a final judgment on January 12, 2012, upon temporary remand from this Court.

may not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court (1) rightly perceived the issue as one of discretion, (2) acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices, and (3) reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447.

Here, Parks asserts that he is entitled to relief on his petition for a writ of habeas corpus. Parks' arguments contained within his petition can be consolidated into two basic claims: (1) the procedures to convict him of the underlying felony for which he is serving time were improper and violative of his Fifth and Fourteenth Amendment rights to due process under the United States Constitution; and (2) the denial of parole without reason was improper. All of the other issues presented by Parks in his petition are conditioned upon the validity of these two assertions.

## A.      Whether the Underlying Felony Conviction Was Improper

Parks argues the State violated his due process rights, among others, pursuant to Article 6 and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; Article 1 of the Idaho Constitution; Articles 7 through 9 of the Universal Declaration of Human Rights; and *United States v. Wells*, 163 F. 313 (D. Idaho 1908). The core of his argument rests on the fact that the felony charge upon which he was convicted was never brought before a grand jury. In support of his position he cites to the Fifth Amendment of the United States Constitution and numerous Idaho statutes regarding presentment by a grand jury and indictment.

To begin, a petition for a writ of habeas corpus is not the appropriate avenue to directly appeal the validity of a criminal conviction. I.C. § 19-4203(4). Rather, to challenge the validity of a conviction, a defendant is required to use a post-conviction application for relief. *See* I.C.

3

§ 19-4901(a)(1),(7); Uniform Post-Conviction Procedure Act (I.C. §§ 19-4901 through 19-4911); *McKinney v. Paskett*, 753 F. Supp. 861, 864 (D. Idaho 1990). A petition for a writ of habeas corpus may be used to challenge the conditions of a person's confinement, but not for contesting a conviction. *McKinney*, 753 F. Supp. at 864. Nonetheless, as the Uniform Post-Conviction Procedure Act is construed as an expansion of the writ of habeas corpus, and substance governs over form, a properly raised issue may be considered without requiring a separate petition to be filed. *See Palmer v. Dermitt*, 102 Idaho 591, 593, 635 P.2d 955, 957 (1981) (treating petition for writ of habeas corpus as petition for post-conviction relief). Assuming, without deciding, that the validity of Parks' conviction was properly raised, the district court was indeed correct in dismissing his claim that it was invalid due to a failure to indict.

On any felony criminal charge, the State may proceed by indictment or information. IDAHO CONST. art. I, § 8 ("No person shall be held to answer for any felony . . . unless on presentment or indictment of a grand jury *or on information* of the public prosecutor . . . ." (emphasis added)); I.C. § 19-901; I.C.R. 7(a). Informations have long been held to be of equal dignity with indictments, subject to the limitations that a defendant may only be accused by information after commitment by a magistrate and that an information cannot be issued if the charge has been previously brought before and ignored by a grand jury. *In re Winn*, 28 Idaho 461, 462, 154 P. 497, 498 (1916); *see also State v. Edmonson*, 113 Idaho 230, 233, 743 P.2d 459, 462-43 (1987). If, instead of proceeding by information, the charge *is* to be brought before a grand jury for indictment, Parks is correct in asserting that presentment and an indictment must rest on the concurrence of at least twelve grand jurors. I.C. § 19-1201. What Parks has not recognized, is that in line with state constitutional and statutory requirements, the district courts of this state have jurisdiction to hear felony cases after a preliminary examination and filing of an information--without the charge ever being before a grand jury. I.C. § 19-1301 (Courts "possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes . . . as they possess and may exercise in cases of like prosecutions upon indictments."); *Winn*, 28 Idaho at 462, 154 P. at 498. The defendant in *Winn* made a nearly identical argument to that which Parks makes regarding the insufficiency of a charge by information. The claim was rejected then because Winn was held to answer for the charge upon information before it was ever brought before a grand jury and is rejected now for the same reason.

4

Moreover, federal constitutional requirements do not change this outcome. For over a century, the United States Supreme Court has held that while *federal* felony prosecutions must be brought before a grand jury, the same is not required in state prosecutions: A *state* felony prosecution proceeding by information, as a substitute for indictment, is not violative of the due process required in the Fifth and Fourteenth Amendments where there is an examination and commitment by a magistrate certifying a finding of probable cause, aid of counsel, and a right to cross-examine the prosecution's witnesses. *Hurtado v. California*, 110 U.S. 516 (1884); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("*Hurtado* held that the Due Process Clause did not make applicable to the States the Fifth Amendment's requirement that all prosecutions for an infamous crime be instituted by the indictment of a grand jury."). This process is afforded through Idaho's criminal procedures and, therefore, does not violate a defendant's constitutional right to due process. As such, Parks' claim is without a basis in law and was properly dismissed by the district court.

## B.     Whether the Denial of Parole Was Improper

Parks also argues that it was improper for the Commission to deny parole for no apparent reason. In addition, Parks argues that the denial of parole makes his sentence excessive and violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, as prisoners are "presumed released from custody upon the completion of their fixed sentences."

Parks' first argument, that there is no actual reason why the Commission denied his review, is akin to alleging there is no rational basis for the Commission's decision. While an inmate is not entitled to a written statement of the reasons for denial of parole, the record needs to demonstrate there is a rational basis for the Commission's conclusion. *Hays v. State*, 132 Idaho 516, 521, 975 P.2d 1181, 1186 (Ct. App. 1999). So long as it is rational, a parole determination is at the complete discretion of the Commission. Idaho Administrative Procedure Act (IDAPA) § 50.01.01.250.01; *see also* I.C. § 19-2513. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Parks asserts that he was "denied a parole date upon completion of anger management and moral reconation therapy programs, for no apparent reason." However, Parks failed to include any evidence in the record

of the parole proceedings. Moreover, as noted by the district court, review of denial of parole is only whether there is a rational basis for such denial. *Drennon v. Craven*, 141 Idaho 34, 35, 105 P.3d 694, 695 (Ct. App. 2004). Commission rules provide that "the failure or success of previous probation and parole" is a factor in considering parole. IDAPA § 50.01.01.250.01(a)-(c). Parks states that he is presently incarcerated on a probation violation under his burglary conviction caused by an aiding and abetting a forgery charge. Despite Parks' failure to include information from the parole proceeding in the record, it is apparent that a rational basis for denial of parole exists.

Next, we address Parks' constitutional arguments. Contrary to Parks' assertions, there is no constitutionally protected right to parole. *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998). The United States Supreme Court has held that no constitutional right attaches to the mere possibility of conditional liberty. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *See Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983). Additionally, we have held that our statutory procedures protect an inmate's limited expectation of parole and absent an allegation that such procedures were not followed, we will not presume error. *See Hays*, 132 Idaho at 521, 975 P.2d at 1186. Parks has not alleged, nor do we find in the record, any violation of parole procedures.

Lastly, as there is no legitimate expectation of parole, there is also no presumption that a prisoner is to be released after serving the determinate period of his sentence. The cases Parks cites do not support his conclusion. For example, in *State v. Oliver*, 144 Idaho 722, 170 P.3d 387 (2007), the Idaho Supreme Court stated, "We presume that the fixed portion of the sentence will be the defendant's probable term of confinement." *Id.* at 726, 170 P.3d at 391. The Idaho Supreme Court did not make this statement as a command to the Commission or Department of Correction to release prisoners upon completion of the determinate periods of their sentences. Rather, it made the statement with respect to the Court's own lack of jurisdiction to decide sentencing matters at that stage and in recognition of the discretion the Commission holds in determining whether to grant or deny parole during the indeterminate period of confinement.

## III.
## CONCLUSION

The State did not violate Parks' due process rights when it proceeded on the felony criminal charge by way of information. Likewise, Parks has failed to show that there was any constitutional violation when the Commission denied Parks parole. These conclusions dispose of all other issues presented by Parks on appeal. Therefore, we affirm the district court's denial of Parks' petition for a writ of habeas corpus.

Judge LANSING and Judge MELANSON **CONCUR.**