**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAN GOODRICK, | No. 19-35310 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00243-DCN |
| v. | |
| ASHLEY DOWELL; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| IDAHO DEPARTMENT OF CORRECTION; IDAHO BOARD OF CORRECTIONS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Idaho state prisoner Dan Goodrick appeals pro se from the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (decision on cross-motions for summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly denied Goodrick's cross-motion for summary judgment and properly dismissed Goodrick's due process claim because Goodrick failed to demonstrate that the version of Idaho Code § 20-223(9) in effect from July 1, 2014 to July 1, 2017 provided a protected liberty interest in pre-parole programming. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463 (1981) (a state-created right can beget other rights to essential procedures; the underlying right must have come into existence before it can trigger due process protection); *Hays v. State*, 975 P.2d 1181, 1186 (Idaho 1999) (explaining that under § 20-223, "there is no constitutionally protected interest in parole in Idaho"); *see also Gurley v. Rhoden*, 421 U.S. 200, 208 (1975) ("[A] State's highest court is the final judicial arbiter of the meaning of state statutes . . . .").

We reject as without merit Goodrick's contentions that the district court advocated on behalf of defendants or erred by addressing § 20-223 as a whole

rather than § 20-223(9).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Goodrick's request for the names of the panel members (Docket Entry No. 8) is denied as moot.

**AFFIRMED.**