(January 29, 1916.)

In re Application of ED. F. WINN, for Writ of Habeas Corpus.

[154 Pac. 497.]

CRIMINAL LAW—INDICTMENTS—INFORMATIONS.

1. Informations are of equal dignity with indictments, subject only to the limitations contained in sec. 8, art. 1 of the constitution, to the effect that a defendant may be only accused by information after commitment by a magistrate and that "after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor."

2. When a defendant in a criminal case has been given, or has waived, his preliminary examination and has been, by the magistrate, held to answer and for trial in the district court and when the prosecuting attorney, at the next session thereof, no grand jury having been called or convened, has presented, and the clerk has

filed an information charging him with the offense for which he has been so held to answer, the court acquires jurisdiction of the defendant and of the offense with which he is charged, from which it cannot be deprived by any action of a grand jury convened at a subsequent term.

[As to quashing indictment and finding new one, see note in 85 Am. St. 192.]

APPLICATION for writ of *habeas corpus.* Writ quashed.

Edgington & Averitt, for Plaintiff.

Under our constitution and statutes a defendant who has been held to answer by a committing magistrate cannot be tried upon the information of the public prosecutor when the trial court, or the judge thereof, has determined that conditions existing necessitate the convening of a grand jury and does convene such grand jury between the time the defendant was held to answer and the time of his trial in the district court, provided the defendant had not, prior to the issuing of the order convening the grand jury, plead to the information, and provided further, that after being arraigned and before plea, suggested to the trial court by proper motion that it was without jurisdiction to proceed further with said cause at said time.

Our statute provides:

"The grand jury must inquire into all public offenses committed or triable within the county, and present them to the court, either by presentment or indictment." (Rev. Codes, 7630.)

"The grand jury have power to inquire, and it is their duty to inquire into all public offenses committed or triable within the county, which are not barred by limitations." (*Ex parte Sternes,* 82 Cal. 245, 23 Pac. 38.)

J. H. Peterson, Atty. Genl., D. A. Dunning and Herbert Wing, Assts., for Defendant.

The trial court acquires jurisdiction when the information is filed. (12 Cyc. 221.)

When the trial court acquired jurisdiction it was not ousted of such jurisdiction by the subsequent meeting of the grand jury, and the prosecutor had the right to proceed on the information already filed, regardless of whether or not the grand jury returned an indictment. (*Elder v. State*, 96 Ind. 162.)

The county attorney does not usurp the functions of the grand jury by proceeding under an information, as urged by counsel, but merely adopts one of two methods of procedure established by our constitution and statutes, each of equal dignity with the other, and each exclusive of the other in its operation and application. (Secs. 7655, 7656, 7657–7662, Rev. Codes.)

MORGAN, J.—The record in this case discloses that on the 24th day of June, 1915, a complaint was filed with the probate judge of Bonneville county, in his capacity as committing magistrate, charging that the petitioner, Ed. F. Winn, did, on August 25, 1914, in that county, commit a public offense, to wit, a nuisance, which consisted in maintaining and assisting in maintaining and controlling a certain place within a prohibition district where intoxicating liquors were sold and otherwise disposed of in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage and where intoxicating liquors were kept for sale and disposal in violation of law. Petitioner was arrested, brought before the magistrate and waived preliminary examination, and was held to answer said charge in the district court.

On the 8th day of July, 1915, the prosecuting attorney in and for Bonneville county presented in the district court, which was then in session, and the clerk under direction of the court filed an information charging petitioner with having committed the offense above mentioned. At a subsequent term of the court and on the 8th of November, 1915, a grand jury, in and for that county, was impaneled and on the 17th of that month it completed its labors and adjourned without having, so far as the record discloses, taken any action with respect to the charge pending against petitioner. On No-

vember 9, 1915, petitioner was arraigned and moved to quash the information, which motion was overruled, and, he having refused to plead thereto, a plea of not guilty was entered for him by order of the court. On December 2, 1915, the case was tried and resulted in his conviction and sentence that he pay a fine of $500 and that he be confined in the county jail for a period of three months, and he was thereupon committed to the custody of the sheriff of Bonneville county.

The purpose of this proceeding is to procure the issuance of a writ of *habeas corpus* directed to the sheriff commanding him to show cause why petitioner is being restrained of his liberty. The writ was issued and counsel for the state, representing the sheriff in the matter, have moved to quash it, assigning as grounds of their motion that the petition does not state facts sufficient to entitle petitioner to the relief demanded, or any relief whatever.

It is the contention of petitioner that, under the constitution and statutes of Idaho, a defendant who has been held to answer by a committing magistrate cannot be tried upon the information of the prosecuting attorney when the court has convened a grand jury between the time the information was filed and the time he is arraigned and enters his plea.

Sec. 8, art. 1 of the constitution provides: "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury; or on information of the public prosecutor, after a commitment by a magistrate, . . . . Provided, that a grand jury may be summoned upon the order of the district court in the. manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor."

Sec. 7600, Rev. Codes, provides that all public offenses triable in the district court must be prosecuted by indictment, or information, except as provided in the next succeeding section, which relates to proceedings for the removal from office of certain public officials, and has no bearing upon this case. Sec. 7630 is as follows: "The grand jury must inquire

Opinion of the Court—Morgan, J.

into all public offenses committed or triable within the county, and present them to the court, either by presentment or by indictment.'' Sec. 7655 provides: ''The several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes, misdemeanors and offenses, to issue writs and process, and to do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments.''

It will be readily seen that it was the legislative intent to make informations of equal dignity with indictments, subject only to the limitations contained in sec. 8, art. 1, of the constitution, to the effect that a defendant may be only accused by information after commitment by a magistrate, and that ''after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor.''

Petitioner urges that since the grand jury did not indict him, it must be deemed to have ignored the charge above mentioned, and that he could not, after its adjournment, be legally held to answer, or for trial therefor, upon information.

A fatal defect in this contention arises from the fact that, conceding the grand jury did ignore the charge, petitioner had been theretofore, instead of thereafter, held to answer and for trial. When petitioner had been given, or had waived, his preliminary examination and was, by the magistrate, held to answer and for trial in the district court, and when the prosecuting attorney, at the next session thereof, no grand jury having been called nor convened, had presented and the clerk had filed an information charging him with the offense for which he had been so held to answer, the court acquired jurisdiction of petitioner and of the offense with which he was charged, from which it could not be deprived by any action of a grand jury convened at a subsequent term.

The motion to quash the writ of *habeas corpus* is sustained and the petitioner is remanded to the custody of the sheriff of Bonneville county.

Sullivan, C. J., and Budge, J., concur.