**Randy Lynn McKINNEY, Petitioner,**

v.

**David PASKETT, Warden, et al., Respondents.**

**Civ. No. 89–1182.**

United States District Court, D. Idaho.

Dec. 6, 1990.

Joan M. Fisher, Kenneth S. Gallant, University of Idaho, College of Law, Legal Aid Clinic, Moscow, Idaho, for petitioner.

Jim Jones, Atty. Gen., State of Idaho, Lynn E. Thomas, Sol. Gen., Boise, Idaho, for respondents.

## MEMORANDUM OPINION AND ORDER

RYAN, Chief Judge.

On November 20, 1990, the court conducted a hearing on all pending motions in the above-entitled proceeding in the courtroom at the Idaho Maximum Security Institution, Boise, Idaho. All parties were represented by respective counsel and the petitioner was present, whereupon the court heard counsel's arguments, at length, upon each respective motion. Following argument, the court ruled and articulated in summary its reasons in respect to each motion. The parties were further advised the court would follow up with this written memorandum opinion and order.

## I. DISCUSSION

### A. MOTION FOR AN EX PARTE HEARING ON PETITIONER'S ENTITLEMENT TO INVESTIGATIVE AND EXPERT SERVICES

■ On October 3, 1989, petitioner filed an Ex Parte Motion for Authority to Obtain Expert and Investigative Services Pursuant to 21 U.S.C. § 848(q)(4), (9) and (10). In a hearing on September 13, 1990, the court requested supplemental briefing on the matter of whether petitioner was entitled to make his request for expert and investigative services on an ex parte basis and without notice to the respondent. Both parties responded with legal memoranda, and the court also heard oral argument on the motion from both parties.

Petitioner's argument is grounded in two subsections of 21 U.S.C. § 848(q), which, as part of the Anti–Drug Abuse Act of 1988, were newly added to the Controlled Substances Act. Subsection 848(q)(4)(B) provides that, "[i]n any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant ... shall be entitled to ... the furnishing of ... services in accordance with paragraphs (5), (6), (7), (8), and (9)." 21 U.S.C.S. § 848(q)(4)(B) (Law. Co-op.1984 & Supp.1990). Subsection 848(q)(9) states that, "[u]pon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or sentence, the court shall authorize ... [such] ... services...." *Id.* § 848(q)(9).

Petitioner asserts that, taken together, these subsections mandate an ex parte hearing in habeas cases on the issue of a petitioner's need for investigative and expert services. It is important to note that it is not petitioner's entitlement to such services that is being argued here, but his belief that he must be allowed an ex parte hearing in order to explain to the court why he needs such services.

■ There is a paucity of case law on the relatively new statutes which form the Anti–Drug Abuse Act, and this issue has apparently not been dealt with in a reported case. We are, therefore, faced with an issue of statutory interpretation. The court's task when interpreting a federal statute is to ascertain the intent of Congress and to give effect to that intent. *Foxgord v. Hischemoeller*, 820 F.2d 1030, 1032 (9th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987). The first step of any district court in resolving a matter turning on statutory construction is to determine if there is binding authority construing the statute. *Hutto v. Davis*, 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70

L.Ed.2d 556 (1982). If not, the court must undertake its own effort to discover the statute's meaning.

The court first notes that the language in subsection 848(q) which refers to the ex parte hearing is nearly identical to a provision in the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), which allows expert or investigative services at government expense for defendants charged with federal crimes as long as, in an "ex parte hearing," the federal court is convinced of the necessity for the services. This provision of the Criminal Justice Act was obviously intended to allow the same degree of confidentiality to an indigent criminal defendant who must request government funds to conduct an adequate defense as that provided to a defendant who could pay for his own defense. Comparing this section of the Criminal Justice Act to the very similar language regarding "experts and investigators" in subsection 848(q)(9), it is clear that subsection 848(q)(9) was drafted to provide the same protection to the defense of federal defendants accused of drug crimes.

However, the court notes that the language of neither 18 U.S.C. § 3006A(e)(1) nor 21 U.S.C. § 848(q) *mandates* an ex parte hearing whenever a judge receives a request for investigative services. To avoid delay and the potential waste of judicial resources, defendants requesting services under Section 3006A have been required to show specifically the reasons why such services are necessary before being allowed an ex parte hearing. *See, e.g., United States v. Goodwin*, 770 F.2d 631, 634 (7th Cir.1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 858, 88 L.Ed.2d 897 (1986) (ex parte proceeding not required where defendant's request failed to indicate why an investigator was necessary, what investigator would do, and why attorney could not perform the investigative work needed).

Additionally, the court notes the difficulty in ascertaining how Congress intended the provisions of this criminal statute, 21 U.S.C. § 848(q), to be applied in civil habeas corpus cases where the proceedings are normally conducted not under the Federal Rules of Criminal Procedure, but under the Rules Governing Habeas Cases in Federal District Courts and the Federal Rules of Civil Procedure. For example, generally in this court, when an indigent petitioner in a habeas case seeks expert or investigative services, his request would be included with his discovery request. Under Rule 6(a) of the habeas rules, a petitioner must make a showing of good cause before the court will allow discovery. The respondent is allowed to argue whether good cause exists, and the decision whether to allow discovery is at the court's discretion. The burden is on the petitioner to make an adequate showing of good cause. Petitioner now asks us to read the language of subsection 848(q) to overrule this time-honored habeas procedure. Petitioner contends that subsection 848(q) creates a new rule for habeas cases—one which would require an ex parte hearing on any request for investigative or expert services, a hearing held without notice to the respondent and without any chance for the respondent to comment on the adequacy of the petitioner's showing of good cause for the services. The petitioner in this civil proceeding seeks unilateral in camera secrecy. This clearly flies in conflict with the habeas rules, and with the rules of civil procedure which allow ex parte hearings only in emergency matters.

The court believes that petitioner is reading the language of subsection 848(q) far too narrowly. Petitioner's claim that he is entitled to identical protections as those statutorily provided for federal criminal defendants suffers from a fundamental flaw. The problem with petitioner's argument is that the petitioner is not the defendant in a criminal proceeding against him, but is instead in the role of the plaintiff in a civil proceeding—a petition for a writ of habeas corpus.

The long history of habeas cases clearly establishes habeas as a civil proceeding. The attempted engrafting of the criminal protections set out in subsection 848(q) into what is still a civil proceeding cannot be successful. While a defendant's right to keep his defense to himself is clear in criminal matters, it is not so clear in habeas.

Petitioner has already had a trial and a post-conviction hearing. What, exactly, does petitioner have here to be kept secret from the respondent, and to what end? By definition in a habeas case, all the issues before us have already been raised in state court. For all these reasons, the court determines that petitioner's request for an ex parte hearing on his entitlement to investigative and expert services must be denied. The court reiterates, however, that this is not intended to be a denial of the petitioner's need for these services. Should petitioner present the court with a request for these services which indicates why they are necessary, and allows the respondent to comment on petitioner's request, the court will examine petitioner's request for the requisite showing of good cause.

### B. MOTION TO STAY FURTHER FEDERAL HABEAS PROCEEDINGS PENDING EXHAUSTION OF STATE REMEDIES

Petitioner has filed a motion asking this court to stay these federal proceedings in abeyance while he returns to the state courts to exhaust several newly discovered claims. He would then return to this court to file an amended petition containing these newly exhausted claims. He contends that this is the preferred procedure in federal court under *Neuschafer v. Whitley*, 860 F.2d 1470 (9th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989).

■ Unfortunately, this court cannot grant petitioner's request for a stay while he returns to state court because petitioner will not be allowed to present his newly discovered claims in state court. An Idaho statute, Idaho Code § 19–2719, provides that in capital cases a prisoner must raise all his collateral attacks in one petition. Failure to raise all issues in the first petition will be deemed a waiver of the new issues. The constitutionality of this statute has been affirmed by the Idaho Supreme Court. *State v. Beam,* 115 Idaho 208, 213, 766 P.2d 678, 683 (1988), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103

L.Ed.2d 827 (1989); *State v. Fetterly,* 115 Idaho 231, 236, 766 P.2d 701, 706 (1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989). The federal district court has also determined that Idaho Code § 19–2719 passes constitutional scrutiny. *Fetterly v. Paskett,* 747 F.Supp. 594 (D.Idaho, 1990). In this case, petitioner completed a direct appeal and already has utilized one state post-conviction relief proceeding. He is therefore barred by Section 19–2719 from a return to state court to raise his new issues.

■ Petitioner argues, however, that even if Section 19–2719 bars him from another post-conviction relief petition, he can still apply for habeas relief in state court and raise his new issues because the writ of habeas corpus is guaranteed in the Idaho Constitution. This court is not persuaded. While the writ of habeas corpus is recognized in the Idaho Constitution, Article 1, Section 5, the Idaho courts have long allowed the Idaho legislature to provide "reasonable regulation for its use" through various statutes. *Mahaffey v. State,* 87 Idaho 228, 231, 392 P.2d 279, 280 (1964). Initially, these were regulations governing the procedures to be used to prosecute the writ. *See* Idaho Code § 19–4201, *et seq.* However, since 1967, Idaho has had in place the Uniform Post–Conviction Procedure Act which replaces all common law remedies for the purpose of challenging the validity of a conviction or sentence. Idaho Code § 19–4901, *et seq.* This post-conviction relief statute has been construed as "an expansion," not a limitation, on the writ of habeas corpus. *Dionne v. State,* 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969). However, when a petitioner is challenging the validity of his conviction, the Idaho courts require use of the post-conviction petition and will not allow a proceeding in habeas corpus to raise those issues. *Id.* Therefore, the writ of habeas corpus remains for such issues as challenging the conditions of a prisoner's confinement, but not for contesting a conviction.

The post-conviction relief process in Idaho was again changed in 1984, when the legislature added Idaho Code § 19–2719, which provided an expedited and shortened

process for capital cases, replacing other post-conviction proceedings, including proceedings under the writ of habeas corpus. Idaho Code § 19–2719(4). Contrary to petitioner's assertion, Section 19–2719 is no more a limit on the writ of habeas corpus than Section 19–4901 has been. Based on the Idaho precedents which determine that, for the purpose of challenging the validity of a conviction, the writ of habeas corpus in Idaho has been replaced by post-conviction relief proceedings under Idaho Code § 19–4901, this court believes that petitioner cannot turn to the writ of habeas corpus in his attempt in this capital case to challenge the validity of his conviction. His remedies are limited by the statutory procedures set out in Idaho Code § 19–2719.

Petitioner further argues that his attempt to raise new claims will be allowed in state court, despite Section 19–2719, because the statute provides an exception for claims "reasonably unknown" at the time of filing, and he has an explanation for his previous failure to raise his unexhausted claims—ineffective assistance of appellate and post-conviction counsel. Petitioner has failed to convince the court that this excuse will provide him the access he seeks to the state court. The court notes that, in his previous appeal from the denial of post-conviction relief in state court, the Idaho Supreme Court refused to consider petitioner's claims newly raised in the post-conviction proceeding. *See McKinney v. State,* 115 Idaho 1125, 772 P.2d 1219, *cert. denied,* — U.S. —, 109 S.Ct. 3204, 105 L.Ed.2d 713 (1989). This court therefore concludes that petitioner's state remedies are exhausted because a state procedural statute denies petitioner the right to present claims in the state court. *See Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Petitioner is therefore not entitled to a stay in this court which would involve a long delay in this proceeding while he fruitlessly seeks a nonexistent state remedy.

### C. MOTION FOR PRELIMINARY DETERMINATION OF AN ANCILLARY COMPENSABLE MATTER

■ Petitioner also moved for a determination by this court that any return to state court to pursue his unexhausted state claims would be an ancillary compensable matter, requiring federal payment for petitioner's counsel during the state court proceedings. The court first notes that its determination that petitioner is not entitled to a return to state court renders this issue moot. However, since petitioner has indicated his intention to present a petition for post-conviction relief to state court despite this court's denial of his request for a stay, the court will also rule on petitioner's request for federal payment of counsel during his return to state court.

Petitioner's argument is grounded in the rather ambiguous wording of another part of the Anti–Drug Abuse Act, 21 U.S.C. § 848(q)(8), which provides that once appointed under the Act, an attorney "shall represent the defendant throughout *every* subsequent stage of available judicial proceedings, including ... *all* available post-conviction process...." 21 U.S.C.S. § 848(q)(8) (Law. Co-op.1984 & Supp.1990) (emphasis added). Petitioner asserts that this section creates a requirement of federal payment to counsel for any state proceeding initiated in connection with the representation of a habeas petitioner in a capital case in federal court.

There has been only one reported case on this issue. In its ruling denying payment, the Eleventh Circuit explained that it does not read 21 U.S.C. § 848(q) to "encompass within [its] meaning[ ] any proceedings convened under the authority of a State." *In re Lindsey,* 875 F.2d 1502, 1506 (11th Cir. 1989). The court noted that acceptance of petitioner's view would have the "practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases." *Id.* This court agrees.

### D. MOTION TO ALLOW PETITIONER TO AUGMENT STATE COURT RECORD WITH ADDITIONAL ITEMS

■ Petitioner recently moved the court to allow petitioner to augment the record

of state court proceedings already submitted by the state. The additional documents submitted by petitioner include transcripts of pretrial hearings, depositions, and other documents relating to petitioner's trial and conviction. The court has examined these documents and finds them useful to the court's independent examination of the entire state court record of petitioner's case and, therefore, will grant the motion.

## II. ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. That the petitioner's motion for an ex parte hearing on his entitlement to investigative services should be, and is hereby, DENIED.

2. That the petitioner's motion for a stay of further habeas corpus proceedings in this court while he attempts to exhaust additional issues in state court should be, and is hereby, DENIED.

3. That the petitioner's motion for a preliminary determination that his return to state court would be an ancillary compensable proceeding, entitled to federal payment of counsel, should be, and is hereby, DENIED.

4. That the petitioner's motion to add 74 items from the state court record to the record in this proceeding should be, and is hereby, GRANTED.

As stated in open court at the hearing November 20, 1990, IT IS FURTHER ORDERED:

5. That, on or before December 7, 1990, the petitioner shall file a supplemental brief on his request for discovery, setting out specifically what discovery is required.

6. That the respondent shall file a response to petitioner's supplemental brief for discovery on or before December 14, 1990.

7. That the petitioner shall file a supplemental brief on his request for an evidentiary hearing, setting out specifically which issues require an evidentiary hearing and what witnesses will be called, together with a brief statement setting forth the full substance of their expected testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." This supplemental brief shall be filed on or before December 17, 1990.

8. That the respondent shall file a response to petitioner's supplemental brief for an evidentiary hearing on or before December 31, 1990.

9. That a hearing on petitioner's motions for discovery and for an evidentiary hearing has been re-scheduled to commence on *Thursday, January 17, 1991*, at 9:30 a.m., in the courtroom at the Idaho Maximum Security Institution, Boise, Idaho.