**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38657**

| | | |
|---|---|---|
| **JOHN F. WARREN,** | ) | **2012 Opinion No. 3** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: January 17, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **OLIVIA CRAVEN, PAM SONNEN,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order denying petition for writ of habeas corpus, <u>affirmed</u>.

John F. Warren, Boise, pro se appellant.

Respondent did not participate on appeal.

_____

GUTIERREZ, Judge

John F. Warren appeals from the district court's denial of his petition for a writ of habeas corpus. Warren contends the district court erred in its denial and the writ is warranted because of violations of his state and federal constitutional due process rights in the underlying criminal proceedings and in being denied parole. For reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Warren is currently serving the indeterminate portion of his sentence on a conviction of felony driving under the influence, for conduct occurring in 2008. Warren completed serving the determinate portion of his sentence in 2010. In March of 2010, the Commission of Pardons and Parole (Commission) granted him a parole date conditioned upon the completion of the therapeutic community program, which Warren declined to participate in. In September of that year, Warren filed a self-initiated parole review asking for an alternate case plan. The Commission denied this review and passed Warren to his full-term sentence, to be completed in September of 2016.

1

Warren thereafter filed a pro se petition for a writ of habeas corpus in the district court arguing that the underlying state felony conviction violated his state and federal constitutional rights because the charge was never brought before a grand jury. He also contended that because there is no actual reason why the Commission refused parole in this circumstance and because offenders are "presumed released from custody upon the completion of their fixed sentences," the sentence is excessive and he should be released. Finally, he argued the use of a therapeutic program and prisoner rehabilitation in determining parole is violative of Idaho law. Warren later amended his petition to also include accusations that the district judge in the criminal case failed to uphold his oath to the state and federal constitutions and thereby committed treasonous acts. The district court dismissed the petition in its entirety before service on the respondents for two reasons: (1) the validity of a conviction cannot be challenged through habeas corpus relief; and (2) though Warren had a right to not participate in the treatment program, he did not have the right to dictate the terms upon which he is granted parole. Warren filed a motion to reconsider, which was denied.

Warren timely appeals the dismissal of the petition for a writ of habeas corpus and he presents six issues to this Court: (1) whether the district court erred by failing to rule on federal and state constitutional violations; (2) whether the constitutional violations were intentionally allowed to continue; (3) whether the district court adhered to constitutional requirements; (4) whether the district court is required to uphold the state and federal constitutions; (5) whether the district court's decision is grounds for a charge of treason; and (6) whether the district court erred in failing to address the requirements within Idaho statutes.

## II.

## DISCUSSION

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; Idaho Code §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333-34, 743 P.2d 983, 986-87 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robinson*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for a writ of habeas

corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner.  I.C. § 19-4203(2)(a)-(e).  Habeas corpus may not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act.  I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992).  When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court (1) rightly perceived the issue as one of discretion, (2) acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices, and (3) reached its decision by an exercise of reason.  *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada Cnty.*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989).  If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld.  *Brennan*, 122 Idaho at 917, 841 P.2d at 447.

Here, Warren asserts that he is entitled to relief on his petition for a writ of habeas corpus.  Warren's arguments contained within his petition can be consolidated into two basic claims:  (1) the procedures to convict him of the underlying felony for which he is serving time were improper and violative of his Fifth and Fourteenth Amendment rights to due process under the United States Constitution; and (2) the denial of parole on the basis of his refusal to participate in a treatment program was also improper.  All of the other issues presented by Warren in his petition are conditioned upon the validity of these two assertions.

## A.    Whether the Underlying Felony Conviction Was Improper

Warren argues the State violated his due process rights, among others, pursuant to Article 6 and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; Article 1 of the Idaho Constitution; Articles 7 through 9 of the Universal Declaration of Human Rights; and *United States v. Wells*, 163 F. 313 (D. Idaho 1908).  The core of his argument rests on the fact that the felony charge upon which he was convicted was never brought before a grand jury.

3

In support of his position he cites to the Fifth Amendment of the United States Constitution and numerous Idaho statutes regarding presentment by a grand jury and indictment.

To begin, a petition for a writ of habeas corpus is not the appropriate avenue to directly appeal the validity of a criminal conviction. I.C. § 19-4203(4). Rather, to challenge the validity of a conviction, a defendant is required to use a post-conviction application for relief. *See* I.C. § 19-4901(a)(1),(7); Uniform Post-Conviction Procedure Act (I.C. §§ 19-4901 to 19-4911); *McKinney v. Paskett*, 753 F. Supp. 861, 864 (D. Idaho 1990). A petition for a writ of habeas corpus may be used to challenge the conditions of a person's confinement, but not for contesting a conviction. *McKinney*, 753 F. Supp. at 864. Nonetheless, as the Uniform Post-Conviction Procedure Act is construed as an expansion of the writ of habeas corpus, and substance governs over form, a properly raised issue may be considered without requiring a separate petition to be filed. *See Palmer v. Dermitt*, 102 Idaho 591, 593, 635 P.2d 955, 957 (1981) (treating petition for writ of habeas corpus as petition for post-conviction relief). Assuming, without deciding, that the validity of Warren's conviction was properly raised, the district court was indeed correct in dismissing his claim that it was invalid due to a failure to indict.

On any felony criminal charge, the State may proceed by indictment or information. IDAHO CONST. art. I, § 8 ("No person shall be held to answer for any felony . . . unless on presentment or indictment of a grand jury *or on information* of the public prosecutor . . . ." (emphasis added)); I.C. § 19-901; I.C.R. 7(a). Informations have long been held to be of equal dignity with indictments, subject to the limitations that a defendant may only be accused by information after commitment by a magistrate and that an information cannot be issued if the charge has been previously brought before and ignored by a grand jury. *Ex Parte Winn*, 28 Idaho 461, 462, 154 P. 497, 498 (1916); *see also State v. Edmonson*, 113 Idaho 230, 233, 743 P.2d 459, 462-43 (1987). If, instead of proceeding by information, the charge *is* to be brought before a grand jury for indictment, Warren is correct in asserting that presentment and an indictment must rest on the concurrence of at least twelve grand jurors. I.C. § 19-1201. What Warren has not recognized, which was explained by the district court, is that in line with state constitutional and statutory requirements, the district courts of this state have jurisdiction to hear felony cases after a preliminary examination and filing of an information--without the charge ever being before a grand jury. I.C. § 19-1301 (Courts "possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes . . .

4

as they possess and may exercise in cases of like prosecutions upon indictments."); *In re Winn*, 28 Idaho at 462, 154 P. at 498. The defendant in *Winn* made a nearly identical argument to that which Warren makes regarding the insufficiency of a charge by information. The claim was rejected then because Winn was held to answer for the charge upon information before it was ever brought before a grand jury and is rejected now for the same reason.

Moreover, federal constitutional requirements do not change this outcome. For over a century, the United States Supreme Court has held that while *federal* felony prosecutions must be brought before a grand jury, the same is not required in state prosecutions: A *state* felony prosecution proceeding by information, as a substitute for indictment, is not violative of the due process required in the Fifth and Fourteenth Amendments where there is an examination and commitment by a magistrate certifying a finding of probable cause, aid of counsel, and a right to cross-examine the prosecution's witnesses. *Hurtado v. California*, 110 U.S. 516 (1884); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("*Hurtado* held that the Due Process Clause did not make applicable to the States the Fifth Amendment's requirement that all prosecutions for an infamous crime be instituted by the indictment of a grand jury."). This process is afforded through Idaho's criminal procedures and, therefore, does not violate a defendant's constitutional right to due process. As such, Warren's claim is without a basis in law and was properly dismissed by the district court.

**B.      Whether the Denial of Parole Was Improper**

Warren also argues that it was improper for the judge to recommend and the Commission to adopt the use of a therapeutic community program in Warren's sentencing and as a condition to being paroled. He contends that his refusal to participate should have no bearing on a parole decision and absent that consideration, there is no reason why the Commission refused parole in this circumstance. In addition, Warren argues that the denial of parole makes his sentence excessive and violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, as prisoners are "presumed released from custody upon the completion of their fixed sentences."

Warren's first argument, that there is no actual reason why the Commission denied his review, is akin to alleging there is no rational basis for the Commission's decision. While an inmate is not entitled to a written statement of the reasons for denial of parole, the record needs to demonstrate there is a rational basis for the Commission's conclusion. *Hays v. State*, 132

5

Idaho 516, 521, 975 P.2d 1181, 1186 (Ct. App. 1999). So long as it is rational, a parole determination is at the complete discretion of the Commission. Idaho Administrative Procedure Act (IDAPA) § 50.01.01.250.01; *see also* I.C. § 19-2513. In any decision to grant or deny parole, a factor that may be considered is the inmate's involvement in programs, such as the therapeutic community program. IDAPA § 50.01.01.250.01(c)(iv). Such consideration of an inmate's involvement in rehabilitative programming (or refusal to do so) is within the Commission's authority granted in Idaho Code section 20-223(a) and is one way to carry out the demand of section 20-223(c), that parole "shall be ordered when, in the discretion of the commission, it is in the best interests of society, and the Commission believes the prisoner is able and *willing* to fulfill the obligation of a law-abiding citizen." (Emphasis added). Warren's willingness to participate in rehabilitative programs is entirely relevant to such an inquiry.

For clarification, Warren's interpretation of case law supporting his conclusion that prisoner rehabilitation is violative of Idaho law is erroneous. In *State v. Hadley*, 122 Idaho 728, 838 P.2d 331 (Ct. App. 1992), on which Warren relies, this Court held that there is no fundamental right to rehabilitation and the State does not deprive an inmate of constitutional rights when it does not include rehabilitation in sentencing. We did not hold, as Warren asserts, that a judge or parole commission errs by recommending a rehabilitative program in sentencing a defendant or as a condition preceding a grant of parole. In this case, we find neither the recommendation of the therapeutic community program nor the denial of parole on the basis of Warren's refusal to participate were irrational.

Next, we address Warren's constitutional arguments. Contrary to Warren's assertions, there is no constitutionally protected right to parole. *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998). The United States Supreme Court has held that no constitutional right attaches to the mere possibility of conditional liberty. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *See Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983). Additionally, we have held that our statutory procedures protect an inmate's limited expectation of parole and absent an allegation that such procedures were not followed, we will not presume error. *See Hays*, 132 Idaho at 521,

975 P.2d at 1186. Warren has not alleged, nor do we find in the record, any violation of parole procedures.

Lastly, as there is no legitimate expectation of parole, there is also no presumption that a prisoner is to be released after serving the determinate period of his sentence. The cases Warren cites do not support his conclusion. For example, in *State v. Oliver*, 144 Idaho 722, 170 P.3d 387 (2007), the Idaho Supreme Court stated, "We presume that the fixed portion of the sentence will be the defendant's probable term of confinement." *Id.* at 726, 170 P.3d at 391. The Idaho Supreme Court did not make this statement as a command to the Commission or Department of Correction to release prisoners upon completion of the determinate periods of their sentences. Rather, it made the statement with respect to the Court's own lack of jurisdiction to decide sentencing matters at that stage and in recognition of the discretion the Commission holds in determining whether to grant or deny parole during the indeterminate period of confinement.

We find the district court properly found Warren has a right not to participate in treatment programs offered to offenders, but it is the Commission that dictates the terms of his release on parole. If Warren's grant of parole was conditional on the completion of the therapeutic community program, then it was within the discretion of the Commission and the Commission had a rational basis for imposing that condition.

## III.

## CONCLUSION

The State did not violate Warren's due process rights when it proceeded on the felony criminal charge by way of information. Likewise, there was no constitutional violation when the Commission denied Warren parole on the basis of his refusal to participate in the therapeutic community program. These conclusions dispose of all other issues presented by Warren on appeal. Therefore, we affirm the district court's denial of Warren's petition for a writ of habeas corpus.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

7