**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38745**

| | | |
|---|---|---|
| **NEAL W. CAPLINGER,** | ) | **2012 Unpublished Opinion No. 591** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: August 14, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Neal W. Caplinger appeals from the order dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

Caplinger entered a guilty plea pursuant to I.C.R. 11 to a charge of second degree kidnapping. The district court sentenced Caplinger to a unified term of fifteen years, with a minimum period of confinement of five years. Caplinger filed a pro se petition for post-conviction relief alleging numerous claims, including a claim that Idaho's indictment process is unconstitutional because it does not provide for a preliminary hearing, citing I.C.R. 6.6 and I.C.R. 7. Caplinger was appointed counsel.

The district court entered an order conditionally dismissing Caplinger's petition in which the district court asserted its intent to dismiss Caplinger's petition and informed Caplinger and the state they could reply to the notice of the proposed dismissal within twenty days. In the order, the district court explained that it may summarily dismiss a petition for post-conviction

1

relief upon its own initiative when satisfied on the basis of the petition that the petitioner is not entitled to post-conviction relief and no purpose would be served by any further proceedings. *See* I.C. § 19-4906(b). The district court also explained that it was not required to accept mere conclusory allegations, unsupported by admissible evidence, or accept a petitioner's conclusions of law. *See Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). The district court elucidated that, if the record conclusively disproved an essential element of a post-conviction claim or a petitioner's allegations failed as a matter of law, summary dismissal was appropriate. *See McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007); *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).

The district court next addressed each of Caplinger's claims. With respect to Caplinger's claim that Idaho's indictment process is unconstitutional, the district court stated:

> II.     CAPLINGER'S INDICTMENT CLAIMS ARE WITHOUT MERIT.
> Without any argument or support, Caplinger simply claims that Idaho's indictment process is unconstitutional. He does not cite any case law at all. The Court need not consider an issue not "supported by argument and authority . . . ." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *Jorgenson v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *Huff v. Singleton*, 143 Idaho 498, 501, 148 P.3d 1244, 1247 (2006). Therefore, the Court intends to dismiss this claim.

Neither Caplinger nor the state responded to the district court's order conditionally dismissing Caplinger's petition. Therefore, the district court entered an order dismissing Caplinger's petition, which contained the exact reasoning for dismissing Caplinger's claim regarding Idaho's indictment process that was articulated in the order conditionally dismissing Caplinger's petition.

Caplinger appeals only from the order dismissing his claim that Idaho's indictment process is unconstitutional. He argues that the district court erred in dismissing that claim on the ground that Caplinger failed to cite any legal authority to support such claim. Specifically, Caplinger asserts that, pursuant to I.C. § 19-4903, in submitting a petition for post-conviction relief, arguments, citations, and discussions of authority are unnecessary. Caplinger also argues that the authorities relied upon by the district court in asserting that such citations are required in post-conviction petitions are inapplicable as they all deal with failure to cite authorities on appeal as required by I.A.R. 35. Therefore, Caplinger concludes it was error for the district court to

have summarily dismissed such claim on such basis. Caplinger further asserts that, because the basis that Caplinger failed to cite any legal authority to support such claim was the only basis for which he had prior notice that his claim regarding Idaho's indictment process would be dismissed, this Court may not affirm the district court's dismissal on an alternative theory for which he had no prior notice. *See Baxter v. State*, 149 Idaho 859, 864-65, 243 P.3d 675, 680-81 (Ct. App. 2010) (affirming the district court's summary dismissal decision on alternate grounds for which the petitioner was given prior notice).

The state argues that, while it is true that Caplinger was not required to include citations to authority in his petition, the district court explained in its order conditionally dismissing Caplinger's petition that it was not required to accept a petitioner's conclusions of law. The state asserts that the district court's reference to Caplinger's failure to cite legal authority with respect to his claim that Idaho's indictment process is unconstitutional encompasses that principle. Further, the state correctly asserts that Caplinger's claim that Idaho's indictment process is unconstitutional because it does not provide for a preliminary hearing fails as a matter of law. *See Warren v. Craven*, 152 Idaho 327, 330, 271 P.3d 725, 728 (Ct. App. 2012) (explaining that, on any felony criminal charge, the state may proceed by indictment or information). Thus, the state concludes that, having failed to cite to any legal authority for his claim that Idaho's indictment process is unconstitutional, Caplinger failed to establish he was entitled to post-conviction relief and, as the district court determined in its order conditionally dismissing Caplinger's petition, no purpose would be served by further proceedings. Thus, the state asserts that the district court did not err by summarily dismissing Caplinger's petition.

We emphasize that the district court informed Caplinger in its order conditionally dismissing his petition for post-conviction relief that it was not required to accept Caplinger's conclusions of law, and that, if Caplinger's allegations failed as a matter of law, summary dismissal was appropriate. Further, in the district court's order conditionally dismissing Caplinger's petition, the district court specifically determined that Caplinger's claim regarding Idaho's indictment process was without merit. Accordingly, we conclude that Caplinger had notice that such claim could be summarily dismissed by the district court on the ground that Caplinger's claim failed as a matter of law.

Even assuming, without deciding, that the district court dismissed Capligner's indictment claim on the basis of an incorrect legal theory, this does not automatically require reversal

because, where the lower court reached the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory for which the petitioner had prior notice. *See Baxter*, 149 Idaho at 865, 243 P.3d at 681. As explained above, Caplinger's claim that Idaho's indictment process is unconstitutional because it does not provide for a preliminary hearing fails as a matter of law. *See Warren*, 152 Idaho at 330, 271 P.3d at 728. Thus, having concluded that Caplinger received notice that such claim could be dismissed on such ground in the order conditionally dismissing his petition, we affirm the district court's order summarily dismissing Caplinger's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**