**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39546**

| | | |
|---|---|---|
| **MARCUS ROBERTS,** | ) | **2012 Unpublished Opinion No. 590** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 14, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RANDY BLADES, Warden,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Marcus Roberts, Boise, pro se appellant.

Randy Blades, respondent, did not participate on appeal.
_____

MELANSON, Judge

Marcus Roberts appeals from the summary dismissal of his petition for writ of habeas corpus relief. For the reasons set forth below, we affirm.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4229; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding

1

under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on an petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

Roberts argues that he was improperly convicted because he was never indicted by a grand jury. Roberts does not demonstrate how not being indicted by a grand jury affects the conditions of his confinement, revocation of his parole, miscalculation of his sentence, loss of good time credits, or a detainer lodged against him. *See* I.C. §§ 19-4203(2)(a)-(e). Roberts cannot use a habeas proceeding to challenge the validity of his conviction or his sentence.

Furthermore, even if we assume without deciding that the claim was properly raised, on any felony criminal charge, the State may proceed by indictment or information. IDAHO CONST. art. I, § 8 (No person shall be held to answer for any felony unless on presentment or indictment of a grand jury or on information of the public prosecutor.). *See also* I.C. § 19-901; I.C.R. 7(a). Informations have long been held to be of equal dignity with indictments, subject to the limitations that a defendant may only be accused by information after commitment by a magistrate and that an information cannot be issued if the charge has been previously brought before and ignored by a grand jury. *In re Winn*, 28 Idaho 461, 462, 154 P. 497, 498 (1916); *see also State v. Edmonson*, 113 Idaho 230, 233-34, 743 P.2d 459, 462-63 (1987). If, instead of proceeding by information, the charge *is* to be brought before a grand jury for indictment, Roberts is correct in asserting that presentment and an indictment must rest on the concurrence of at least twelve grand jurors. *See* I.C. § 19-1201. What Roberts has not recognized, is that in

line with state constitutional and statutory requirements, the district courts of this state have jurisdiction to hear felony cases after a preliminary examination and filing of an information--without the charge ever being before a grand jury. *See* I.C. § 19-1301 (Courts possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes as they possess and may exercise in cases of like prosecutions upon indictments.). The defendant in *Winn* made a nearly identical argument to that which Roberts makes regarding the insufficiency of a charge by information. The claim was rejected then because Winn was held to answer for the charge upon information before it was ever brought before a grand jury and is rejected now for the same reason. *Winn*, 28 Idaho at 462, 154 P. at 498.

Moreover, federal constitutional requirements do not change this outcome. For over a century, the United States Supreme Court has held that, while federal felony prosecutions must be brought before a grand jury, the same is not required in state prosecutions. Specifically, a state felony prosecution proceeding by information, as a substitute for indictment, is not violative of the due process required in the Fifth and Fourteenth Amendments where there is an examination and commitment by a magistrate certifying a finding of probable cause, aid of counsel, and a right to cross-examine the prosecution's witnesses. *Hurtado v. California*, 110 U.S. 516, 534-38 (1884); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994). This process is afforded through Idaho's criminal procedures and, therefore, does not violate a defendant's constitutional right to due process. As such, Roberts' claim is without a basis in law and was properly dismissed by the district court. Therefore, the district court's order dismissing Roberts' petition for habeas corpus relief is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**