**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40482**

| | | |
|---|---|---|
| JONNINE SITTRE, | ) | 2014 Unpublished Opinion No. 591 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, IDAHO COMMISSION | ) | THIS IS AN UNPUBLISHED |
| OF PARDONS AND PAROLE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Summary judgment in favor of respondent on petition for writ of habeas corpus, <u>affirmed</u>.

Jonnine Sittre, Kuna, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jonnine Sittre filed a petition for a writ of habeas corpus with the district court against the respondent, Olivia Craven (executive direct of the Idaho Commission of Pardons and Parole (the Commission)). The district court granted summary judgment to Craven, and Sittre appeals. Although Sittre's argument is not explicit in her brief before this Court, Sittre, it would seem, contends she should be granted parole. There is no constitutionally protected right to parole. *Warren v. Craven*, 152 Idaho 327, 331, 271 P.3d 725, 729 (Ct. App. 2012). The Idaho statutes only provide for the possibility of parole. *Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983). Parole is at the discretion of the Commission, and the denial of parole need only be supported by a rational basis. *Warren*, 152 Idaho at 331, 271 P.3d at 729. Consequently, there is

1

no guarantee that a prisoner will be released after serving the determinate period of her sentence. *Id.* at 331-32, 271 P.3d at 729-30.

The record reveals that Sittre has an extensive criminal history, failed parole in the past, had not yet completed required programming as of the date of the parole hearing, and had committed disciplinary offenses while incarcerated. These considerations form a rational basis to deny parole. *See, e.g., id.* at 331, 271 P.3d at 729 (acknowledging that an inmate's involvement in rehabilitative programming could be a factor for the Commission to consider in granting or denying parole). There is no genuine issue of material fact, and Craven is entitled to judgment as a matter of law. Accordingly, the summary judgment in favor of Craven is affirmed.